# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARCUS FOWLKES

## DEFENDANTS
AKER PHILADELPHIA SHIPYARD, INC.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE/ SIDNEY L. GOLD & ASSOC., P.C.
1835 MARKET ST., STE 515, PHILA., PA 19103
TELEPHONE (215) 569-1999  sgold@discrimlaw.net

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | x 442 Employment / **Habeas Corpus:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans With Disabilities Act
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 150,000 in excess
CHECK YES only if demanded in complaint:
**JURY DEMAND:** x Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: June 14, 2016
SIGNATURE OF ATTORNEY OF RECORD
/s/Sidney L. Gold, Esquire  X

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5139 Charles Street, Philadelphia, PA 19124

Address of Defendant: 2100 Kitty Hawk Ave., Philadelphia, PA 19112

Place of Accident, Incident or Transaction: 2100 Kitty Hawk Ave., Philadelphia, PA 19112
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No **X**

Does this case involve multidistrict litigation possibilities?   Yes☐   No **X**

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No **X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, **Sidney L. Gold, Esquire**, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: **June 14, 2016**   /s/Sidney L. Gold, Esquire   21374
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **June 14, 2016**   /s/ Sidney L. Gold, Esquire   21374
                          Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5139 Charles Street, Philadelphia, PA 19124

Address of Defendant: 2100 Kitty Hawk Ave., Philadelphia, PA 19112

Place of Accident, Incident or Transaction: 2100 Kitty Hawk Ave., Philadelphia, PA 19112
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No **X**

Does this case involve multidistrict litigation possibilities?     Yes☐   No **X**

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, **Sidney L. Gold, Esquire**, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: June 14, 2016          /s/Sidney L. Gold, Esquire                   21374
                             Attorney-at-Law                              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 14, 2016          /s/ Sidney L. Gold, Esquire                  21374
                             Attorney-at-Law                              Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MARCUS FOWLKES | : | CIVIL ACTION NO.: |
| v. | : | |
| AKER PHILADELPHIA SHIPYARD, INC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| June 14, 2016 | | /s/Sidney L. Gold, Esquire |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215.569.1999 | 215.569.3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS FOWLKES, | : | CIVIL ACTION NO.: |
| *Plaintiff,* | : | |
| v. | : | |
| AKER PHILADELPHIA | : | |
| SHIPYARD, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| *Defendant.* | : | |

**COMPLAINT AND JURY DEMAND**

**I.   PRELIMINARY STATEMENT**

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Marcus Fowlkes ("Plaintiff Fowlkes"), a former employee of Defendant, Aker Philadelphia Shipyard, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory actions, ultimately resulting in the termination of his employment.

2. This action is brought under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA"), the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA"), and the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA").

## II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claims are substantively based on the ADA and FMLA. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Fowlkes' claim arising under the PHRA.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Fowlkes' claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On March 18, 2016, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notices.

6. Plaintiff Fowlkes has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Marcus Fowlkes ("Plaintiff Fowlkes"), is a forty-five (45) year old citizen of the Commonwealth of Pennsylvania, residing therein at 5139 Charles Street Philadelphia, Pennsylvania 19124.

8. Defendant, Aker Philadelphia Shipyard, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania,

maintaining a place of business located at 2100 Kitty Hawk Avenue, Philadelphia, Pennsylvania 19112.

9. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADA, PHRA, and FMLA and has been, and is, subject to the provisions of each said Act.

### III. STATEMENT OF FACTS

11. Plaintiff Fowlkes was employed by the Defendant from on or about February 4, 2013 until on or about October 17, 2014, the date of his unlawful termination.

12. During the course of his employment with the Defendant, Plaintiff Fowlkes held the position of Laborer and Apprentice and at all times maintained an exemplary job performance rating in said capacities.

13. In or about May of 2014, as a result of his excellent job performance, the Defendant accepted Plaintiff Fowlkes into its welding apprenticeship program.

14. By way of background, in or about the Summer of 2002, Plaintiff Fowlkes was diagnosed with Diabetes. Said medical condition is a disability within the meanings of the ADA and PHRA in that it substantially impairs one or more of his major life activities, including, but not limited to, normal endocrine function. At all times relevant

hereto, the Defendant was aware of Plaintiff Fowlkes' disability.

15. On or about June 13, 2014, Plaintiff Fowlkes visited his physician in response to severe knee pain. Thereafter, Plaintiff Fowlkes was diagnosed with a Torn Meniscus. Said medical condition is a disability within the meanings of the ADA and PHRA in that it substantially impairs one or more of his major life activities including, but not limited to, bending and walking. Plaintiff Fowlkes promptly advised Defendant of said diagnosis.

16. On or about June 26, 2014, Plaintiff Fowlkes met with Marion Meixsell ("Meixsell"), Human Resources Generalist, and requested a brief medical leave of absence pursuant to the Family and Medical Leave Act ("FMLA") as a reasonable accommodation for his disability in order to undergo surgery. Specifically, Plaintiff Fowlkes requested a brief medical leave of absence from work from July 17, 2014 through September 17, 2014.

17. On or about July 17, 2014, Plaintiff Fowlkes commenced medical leave pursuant to the FMLA and underwent surgery to treat his disability (Torn Meniscus).

18. On or about September 12, 2014, during a post-operative appointment with his physician, Plaintiff Fowlkes complained of continuing severe knee pain. Plaintiff Fowlkes' physician advised him to extend his medical leave of absence until on or about October 17, 2014 to ensure full healing before returning to work.

19.     On the same day, Plaintiff Fowlkes advised Meixsell that his disability required that he extend his medical leave of absence until on or about October 17, 2014 and requested same as a reasonable accommodation.

20.     Additionally, Plaintiff Fowlkes met with Sandy Gallasso ("Gallasso"), Human Resources Representative, who approved Plaintiff Fowlkes' request for extended leave, as he had not yet exhausted his available FMLA leave.

21.     On or about October 8, 2014, Plaintiff Fowlkes visited his physician who cleared him to return to work on the same day.  Plaintiff Fowlkes immediately telephoned Meixsell and informed her of the same.  Meixsell apprised Plaintiff Fowlkes that the Defendant required that he undergo a physical with Defendant's WorkNet physician prior to his return to work.

22.     On or about October 16, 2016, Plaintiff Fowlkes visited Defendant's WorkNet physician for the required examination.  During said examination, Defendant's WorkNet physician determined that Plaintiff Fowlkes' blood sugar level was elevated as a result of his Diabetes, and that he had a limited range of motion and remaining pain in his knee resulting from his Torn Meniscus.  Defendant's WorkNet physician provided Plaintiff Fowlkes with additional paperwork to be completed by his treating physicians and informed him that he could not return to work until his physicians completed said paperwork.

23. On the same day, Plaintiff Fowlkes advised Meixsell that Defendant's WorkNet physician would not clear him to return to work until his physicians completed the aforesaid paperwork. Meixsell instructed Plaintiff Fowlkes to have his physician complete the paperwork as quickly as possible so that he could return to work on or about October 20, 2014.

24. On or about October 17, 2014, without affording Plaintiff Fowlkes an opportunity to have his physician complete the necessary paperwork, the Defendant abruptly terminated his employment, allegedly for exhausting his FMLA leave.

25. Plaintiff Fowlkes believes and therefore avers that no legitimate business reason existed for the termination of his employment and that it was actually a result of his disabilities (Torn Meniscus and Diabetes) and/or in retaliation for requesting a reasonable accommodation for his disabilities and/or in retaliation for exercising his rights under the FMLA.

### COUNT I
### (ADA - Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Retaliation)
### Plaintiff Fowlkes v. the Defendant

26. Plaintiff Fowlkes incorporates by reference paragraphs 1 through 25 of this Complaint as though fully set forth at length herein.

27. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Fowlkes to discrimination based on his disabilities (Torn Meniscus and Diabetes) and to retaliation for requesting a reasonable accommodation for his

disabilities, constituted a violation of the ADA.

28.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Fowlkes sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

29.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Fowlkes suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PHRA - Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Retaliation)
### Plaintiff Fowlkes v. the Defendant

30.     Plaintiff Fowlkes incorporates by reference paragraphs 1 through 29 of this Complaint as though fully set forth at length herein.

31.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Fowlkes to discrimination based on his disabilities (Torn Meniscus and Diabetes) and to retaliation for requesting a reasonable accommodation for his disabilities, constituted a violation of the PHRA.

32.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Fowlkes sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

33.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Fowlkes suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (FMLA Retaliation)
### Plaintiff Fowlkes v. the Defendant

34.     Plaintiff Fowlkes incorporates by reference paragraphs 1 through 33 of his Complaint as though fully set forth herein.

35.     The actions of the Defendant, through its agents, servants and employees, in terminating Plaintiff Fowlkes' employment in retribution for his legitimate exercise of his rights under the FMLA, constituted a violation of the FMLA.

36.     The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff Fowlkes' rights.

37. As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff Fowlkes has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

38. Plaintiff Fowlkes incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Fowlkes requests that this Court enter judgment in his favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff Fowlkes for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Fowlkes with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Fowlkes punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Fowlkes pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Fowlkes demands a trial by jury.

                SIDNEY L. GOLD & ASSOC., P.C.

                **/s/Sidney L. Gold, Esquire**

                SIDNEY L. GOLD, ESQUIRE
                I.D. NO.: 21374
                TRACI M. GREENBERG, ESQUIRE
                I.D. NO: 86396
                1835 Market Street, Ste. 515
                Philadelphia, PA 19103
                215.569.1999
                sgold@discrimlaw.net
                tgreenberg@discrimlaw.net
                Attorney for Plaintiff

DATED:    June 14, 2016

## VERIFICATION

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_Marcus Fowlkes_
**MARCUS FOWLKES, PLAINTIFF**

DATED: June 14, 2016